IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CONSOLIDATED INSURANCE COMPANY,

    Plaintiff,

vs.                                                    No.

JOE M. GILL FARM, INC.,
ROBERT D. CONYERS, JR.,
and NATIONWIDE INSURANCE
COMPANY,

    Defendants.

## COMPLAINT

Consolidated Insurance Company ("Consolidated") files this Complaint against Joe M. Gill Farm, Inc. ("Gill Farms"), Robert D. Conyers, Jr. ("Conyers") and Nationwide Insurance Company ("Nationwide") seeking declaratory and other relief, stating:

### PARTIES

1. Consolidated is an Indiana corporation with its principal place of business in Boston, Massachusetts, and it is duly qualified to do business in Tennessee.

2. Defendant Gill Farms is a Kentucky corporation with its principal place of business at 520 Joe Gill Road, Allensville, Kentucky.

3. Defendant Conyers is a citizen of Tennessee.

4. Defendant Nationwide is an Ohio corporation having its principal place of business in Ohio.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and because the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3).

## FACTS

7. Consolidated issued to Gill Farms a farm liability policy (policy number FM 8640836) ("the Policy") for the period March 10, 2009 to March 10, 2010. This policy was later renewed for the period March 10, 2010 to March 10, 2011. A copy of this policy, as renewed, is attached as Exhibit A.

8. Included within the Policy is an endorsement entitled Farm Employers Liability and Farm Employees Medical Payments Insurance. This endorsement states, in pertinent part, as follows:

**SECTION I – COVERAGES**
The following insuring agreements and exclusions are added to Section I – Coverages of the Farm Liability Coverage Form and the Commercial General Liability Coverage Form:
**A. Farm Employers Liability**
   **1. Additional Insuring Agreement**
      **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" to which this insurance applies. The "bodily injury" must:
         **(1)** Be caused by an "occurrence";
         **(2)** Be sustained by a "farm employee"; and
         **(3)** Arise out of and in the course of the injured employee's employment by the insured; this employment must involve ownership, maintenance or use of portions of the "insured location" that are owned or operated for "farming" purposes. As used here, the terms ownership, maintenance and use include operations necessary or incidental to ownership, maintenance and use.
      **b.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".
      **c.** We will have the right and duty to defend the insured against any "suit" seeking damages of the kind described in Paragraph **a**. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" to which this insurance does not apply.
      We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.
      But our right and duty to defend end when we have used up the Limit of Insurance shown in the Schedule in payment of judgments or settlements.
      **d.** No other obligation or liability to pay sums or perform acts or services is covered.
   **2. Additional Exclusions**
      The insurance afforded under this endorsement does not apply to:

. . . .

    d. "Bodily injury" to any employee eligible to receive any benefits that an insured voluntarily provides or is required to provide under any workers' compensation, disability benefits or unemployment compensation law or any similar law;

. . . .

**B. Farm Employees Medical Payments**
  **1. Additional Insuring Agreement**
    a. We will pay, to or for each "farm employee" who sustains "bodily injury" caused by an accident, all reasonable medical expenses to which this insurance applies.
    The "bodily injury" must arise out of and in the course of the injured employee's employment by the insured, and this employment must involve ownership, maintenance or use of portions of the "insured location" that are owned or operated for "farming" purposes. As used here, the terms ownership, maintenance and use include operations necessary or incidental to ownership, maintenance and use.
    b. We will pay these expenses regardless of fault.
    c. Reasonable medical expenses means expenses incurred or medically ascertained for:
        (1) First aid administered at the time of an accident;
        (2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and
        (3) Necessary ambulance, hospital, professional nursing and funeral services.
    d. This insurance applies only to reasonable medical expenses incurred or medically ascertained within 3 years of the date of the accident.
    e. No other obligation or liability to pay sums or perform acts or services is covered.

  **2. Additional Exclusions**
  The insurance afforded under this endorsement does not apply to:

. . . .

    b. "Bodily injury" to any employee eligible to receive any benefits that an insured voluntarily provides or is required to provide under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

9. The policy defines "bodily injury" as: "bodily injury, sickness or disease sustained by a person, and includes death resulting from any of these at any time."

10. On information and belief, Cope Brothers, a Tennessee employer, formerly employed Conyers as a truck driver. Nationwide Insurance Company provided workers' compensation coverage to Cope Brothers at that time.

11. Conyers was allegedly injured within the course and scope of his employment at Cope Brothers on April 28, 2009, when the truck he was driving overturned. Conyers claimed injury to his neck, right shoulder, left shoulder, spine and body as a whole, and Conyers

3

thereafter asserted a claim against Cope Brothers' workers' compensation insurance carrier, Nationwide.

12. Allegedly because Cope Brothers lacked sufficient work to keep Conyers fully employed, Conyers began working at Gill Farms in June of 2009. Gill Farms allegedly was aware at that time of Conyers' April 28, 2009 accident. Conyers' employment at Gill Farms ended on July 31, 2010.

13. Nationwide has taken the position, in defending against Conyers' workers' compensation claim, that Conyers' injury worsened because of the work he performed for Gill Farms.

14. On September 14, 2011, Nationwide filed a lawsuit ("the Nationwide Action") against both Conyers and Gill Farms in the Circuit Court for Sumner County, Tennessee at Gallatin seeking reimbursement from Gill Farms for Conyers' work-related injury and benefits recoverable, if any, under the "last injurious injury" rule. A copy of this Complaint is attached as Exhibit B.

15. Conyers filed a Workers' Compensation Complaint ("the Conyers Action") on October 7, 2011 against Joe Gill Farms; Joe Gill d/b/a Joe Gill Farms; Gill Farms; Joe Gill, individually; and Sue Ann Head, Administrator of the Division of Workers Compensation and Custodian of the Second Injury Fund, in the Chancery Court of Robertson County. A copy of this Complaint is attached as Exhibit C.

16. Conyers asserts in his Complaint a claim for benefits under the Tennessee Workers' Compensation Act against Gill Farms based solely upon the defense of last injurious exposure, as raised by Nationwide / Cope. Conyers requests in the Complaint an award of benefits against Gill Farms pursuant to the Tennessee Workers' Compensation Act in the event

4

the Chancery Court were to find that Conyers' injury was advanced in severity to the level of a new injury because of Conyers' employment at Gill Farms.

17. Consolidated, pursuant to reservation of its rights under the Policy, has been providing a defense to Gill Farms in both the Nationwide Action and the Conyers Action.

## COUNT I – Declaration as to Coverage

18. Consolidated incorporates by reference the allegations of all previous paragraphs of the Complaint.

19. Both the Nationwide Action and the Conyers Action against Gill Farms are premised solely upon the claim that Conyers' last injurious injury or exposure occurred during Conyers' employment at Gill Farms and that Gill Farms is, therefore, liable for this alleged injury under workers' compensation law. Consolidated's policy, however, specifically excludes coverage for claims against Gill Farms that arise out of bodily injury to any employee eligible to receive any benefits that Gill Farms provided or was required to provide under any workers' compensation law. Since the only basis alleged in either the Nationwide Action or the Conyers Action upon which Gill Farms is alleged to be liable is the workers' compensation law doctrine of last injurious injury or exposure, Consolidated has no obligation to defend Gill Farms in either of those actions.

20. An actual and justiciable controversy thus exists between Consolidated, Gill Farms, Conyers and Nationwide regarding the coverage available under the Policy for both the Nationwide Action and the Conyers Action.

WHEREFORE, Consolidated respectfully requests that the Court enter judgment: (1) Declaring the rights of Consolidated, Gill Farms, Conyers and Nationwide under the Policy

concerning the Nationwide Action and the Conyers Action; and (2) granting such other and further relief as justice may require.

## COUNT II – Reimbursement

21. Consolidated incorporates by reference the allegations of all previous paragraphs of the Complaint.

22. Consolidated is obligated under the Policy to provide a defense to Gill Farms for claims that are covered by the Policy. In the event that it is determined that the claims against Gill Farms set forth in the Nationwide Action and the Conyers Action are not covered by the Policy, Consolidated is entitled to receive reimbursement from Gill Farms for the costs and expenses, including attorneys' fees, that Consolidated has incurred in providing a defense to Gill Farms in those actions.

WHEREFORE, Consolidated respectfully requests that the Court: (1) Enter judgment in its favor against Gill Farms for the costs and expenses, including attorneys' fees, that Consolidated has incurred in providing a defense to Gill Farms in the Nationwide Action and in the Conyers Action; and (2) grant such other and further relief as justice may require.

Dated: July 6, 2012.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

Stephen D. Crawley (BPR #11454)
Mary C. Hamm (BPR #24464)
130 North Court Avenue
Memphis, Tennessee 38103
(901) 524-5000

*Attorneys for Plaintiff*
*Consolidated Insurance Company*

6